IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TELETRACKING TECHNOLOGIES, INC.

            Plaintiff,

v.

EPIC SYSTEMS CORP.,

           Defendant.

ORDER

21-cv-383-slc

---

Before this court is a motion under Rule 45 to compel third-party Epic Systems Corp. (Epic) to with a subpoena issued by the plaintiff in the underlying lawsuit, Teletracking Technologies, Inc. (TTI). Dkt. 1. For the reasons stated below, I am denying TTI's motion without prejudice.

## BACKGROUND

TTI, develops software technology used in the health care industry. TTI has sued one of its clients, Orlando Health, Inc., in the United States District Court for the Middle District of Florida for breach of the parties' License Agreement. Specifically, TTI alleges that Orlando Health breached the agreement by sharing TTI's confidential information with Epic, one of TTI's competitors. Apparently, Orlando Health has decided to drop TTI and switch to Epic two years earlier than planned.

In February, TTI obtained a Rule 45 subpoena from the Florida district court in the underlying action, commanding Epic to produce documents that TTI says are relevant to proving its claims against Orlando Health. Epic did not comply with the subpoena, raising various objections. After some back-and-forth between the parties, TTI narrowed its requests to 5 categories of documents:

>     1.  Documents "concerning Orlando Health's use of [TTI] software"
>
>     2.  Documents concerning TTI's software functionality, including but not limited to TTI's Equipment Return functionality
>
>     3.  Documents concerning the substance or content of TTI's reports
>
>     4. Documents concerning Epic's commitment to build equipment return functionality for Orlando Health
>
>     5.  Documents concerning Epic's attempt to replicate, duplicate, modify, or copy any features of TTI's software, service, or reports for Orlando Health

As a basis for seeking these documents from Epic, TTI says that it learned from a meeting with Orlando Health representatives on August 24, 2020 that Orlando Health would be going live with competing replacement from Epic two years earlier than planned. At that meeting, Orlando Health "also admitted to, at a minimum, sharing and/or describing for Epic [TTI's] software platform functionality and the content of [TTI's] reports, particularly, [TTI's] equipment return functionality." Br. in Supp., dkt. 2, at 2.

Epic objects to providing these documents, arguing that: (1) the only relevant documents in any of the above categories would be those that Epic received from Orlando Health, in which case TTI can get them from Orlando Health; (2) to the extent TTI's requests seek documents *not* duplicative of those held by Orlando Health, then the requests are unduly burdensome because they seek Epic's confidential information without a compelling need; and (3) the burden and expense associated with compliance outweighs any speculative value to the underlying case.

OPINION

Generally speaking, discovery under Rule 26 is broad; parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26; *see also Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16 CV 4161, 2017 WL 5478297, at *2 (N.D. Ill. Nov. 15, 2017) ("The scope of material obtainable pursuant to a Rule 45 subpoena is as broad as what is otherwise permitted under Rule 26.") (quotation omitted). Nevertheless, "[t]he importance of protecting parties and non-parties from undue burden is found in various provisions of the Federal Rules of Civil Procedure." *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015). For example, under Rule 26(c), courts may limit discovery to protect a party or non-party from undue burden or expense. Fed. R. Civ. P. 26(c)(1). Additionally, under Rule 45(d), the court "must quash or modify a subpoena" that "subjects a person to undue burden," Fed. R. Civ. P. 45(d)(3)(A)(iv), or which requires a person to disclose a trade secret or other confidential research or commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i); *see also Elliot v. Mission Trust Services*, LLC, No. 14 CV 9625, 2015 WL 1567901, 3 (N.D. Ill. 2015) ("The desideratum of Fed. R. Civ. P. 45[(d)] is the protection of non-parties from undue burdens.").

I agree with Epic that TTI's requests are overbroad and unduly burdensome. TTI's underlying action accuses Orlando Health of breaching confidentiality provisions of the parties' licensing agreement by sharing with Epic how TTI's software worked. Epic's development of its own proprietary software for Orlando Health is not at issue in the underlying litigation. Yet TTI's discovery demands of Epic would capture this information. For example Request No. 4– which seeks "Documents concerning Epic's commitment to build equipment return functionality

3

for Orlando Health"–says nothing specific about TTI or its software. TTI is not entitled to discover Epic's confidential and proprietary information merely because its client decided to switch to Epic's software product.

Requests 1-3 and 5 are limited to seeking information about TTI's software, but they are still too broad because they are not limited to documents reflecting confidential information that Epic received from Orlando Health. TTI admits this alleged disclosure by Orlando Health is the "key question" in the underlying action. Notably, however, TTI doesn't say why it can't learn from Orlando Health what information it passed to Epic. According to the parties' submissions, TTI and Orlando Health are in the midst of discovery, with documents being produced on a rolling basis. TTI has made no showing that its discovery requests seek from Orlando Health the same information it seeks from Epic, much less that Orlando Health has not complied with such discovery requests.

Moreover, although TTI baldly asserts that it cannot "advance its claims" without somehow showing "actual possession" of its confidential information by Epic, TTI does not explain why this is so. So far as it appears, TTI simply doesn't trust Orlando Health to be forthcoming about what it actually shared with Epic about TTI's software functionality. Duly noted. But at this point, TTI's concerns are simply too speculative to require Epic to share its confidential business information with one of its competitors.

Before TTI can impose this burden on Epic, TTI will have to: (1) exhaust all options for obtaining the sought-after information from Orlando Health; and (2) make a specific showing why Epic is likely to have information – *not* discoverable from Orlando Health – relevant to TTI's claim that Orlando Health breached its licensing agreement with TTI. *See, e.g., In re Heartland*

*In*st., No. 11 C 2240, 2011 WL 1839482, at *4 (N.D. Ill. May 13, 2011) (granting non-parties' motion to quash where plaintiffs had not shown that they had "fully exhausted other reasonable sources of gaining the information sought in the subpoenas."). Until that time, the motion to compel is denied.

ORDER

IT IS ORDERED that Teletracking Technologies, Inc.'s motion to compel Epic Systems Corporation to produce documents in response to a subpoena issued February 25, 2021 by the United States District Court for the Middle District of Florida, dkt. 1, is DENIED without prejudice as specified in this order.

Entered this 9th day of August, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge